**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **CRIMINAL CASE NO. PWG-10-308** |
| **NERY GUSTAVO RAMOS DUARTE** | * | (Civil Case No.: PWG-15-2159)[1] |
| | * | |

* * * * * * * * * * * * * *

**MEMORANDUM OPINION AND ORDER**

Defendant was charged in a four-count indictment with conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846; conspiracy to import controlled substances, in violation of 21 U.S.C. § 963; conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(h); and conspiracy to smuggle bulk cash outside of the United States, in violation of 18 U.S.C. § 371.  ECF No. 1. He was convicted on all four counts following a jury trial. ECF No. 105.  Defendant was sentenced to 160 months' incarceration. ECF No. 164.  He appealed, and the Fourth Circuit remanded for the correction of a clerical error but otherwise affirmed. ECF No. 166-2.  The Supreme Court denied certiorari. Def.'s Mot. 3, ECF No. 174. He also filed a petition for writ of habeas corpus with the Supreme Court, which returned his petition without filing it. Def.'s Exs. 18-39, ECF No. 174-1.

Now pending is Defendant's Motion to Vacate, Set Aside or Correct A Sentence pursuant to 28 U.S.C. § 2255, ECF No. 174, which the parties have briefed fully, ECF Nos. 176 & 182.  A hearing is not necessary. *See* Loc. R. 105.6.   Defendant asserted four grounds for relief, Def.'s Mot. 5–9, but then "concede[d] that several of his grounds are procedurally defaulted." Def.'s

---

[1] The ECF Numbers cited herein refer to the documents filed in Defendant's criminal case.

Reply 1. He originally insisted in Ground Two that this Court, the Fourth Circuit, and the Supreme Court failed to "address[] the requisite[e] prongs necessary to establish proof beyond a reasonable doubt [for] the crime transporting bulk cash . . . ." Def.'s Mot. 6. But now, acknowledging that "the circuit court has ruled on the sufficiency of the evidence in his case," he abandons Ground Two. Def.'s Reply 1. He also acknowledges that Ground Three, in which he asserted that this Court "abuse[d] its discretion when sentencing applicant to the conspiracy count," Def.'s Mot. 8, "has been procedurally foreclosed," Def.'s Reply 2.

It also appears that Defendant abandons his argument in "Ground One" that his trial counsel "was negligent and ineffective for not timely filing prepared Motion For New Trial And For Judgment Notwithstanding The Verdict." Def.'s Mot. 5. In any event, Defendant fails to make the necessary showing of prejudice from this alleged negligence, *see Strickland v. Washington*, 466 U.S. 668, 687–91 (1984), given that the Court still considered the motion. *See* ECF No. 122. Defendant further appears to abandon Ground Four, in which he argues that his trial counsel rendered ineffective assistance by "pressuring [him] to plead guilty." Def.'s Mot. 9. In his Reply, "[h]e acknowledges he did reject the proffered plea agreement at the December 4, 2012 hearing." Def.'s Reply 1. Again, Defendant fails to show prejudice, as clearly he did not succumb to any pressure he might have felt to plead guilty. *See id.* Thus, Defendant cannot prevail on his ineffective assistance of counsel claim on either of these bases. See *Strickland*, 466 U.S. at 687–91.

Defendant still maintains in Ground One that he received ineffective assistance from his trial counsel, who allegedly "withheld exculpatory evidence." Def.'s Mot. 5, 9. Because Duarte fails to show that the wrongs that he perceives caused any prejudice, I conclude that his trial

counsel's representation does not support Defendant's claim of ineffective assistance of counsel. Therefore, I am denying Defendant's Motion to Vacate, Set Aside or Correct Sentence.

## Discussion

28 U.S.C. § 2255(a) permits a prisoner to file a motion to vacate, set aside or correct his sentence on the ground that it "was imposed in violation of the Constitution or laws of the United States . . . ." The prisoner must prove his case by a preponderance of the evidence. *Brown v. United States*, Civil No. DKC-10-2569 & Crim. No. DKC-08-529, 2013 WL 4562276, at *5 (D. Md. Aug. 27, 2013). If the court finds for the prisoner, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). Although "a *pro se* movant is entitled to have his arguments reviewed with appropriate deference," the court may summarily deny the motion without a hearing "if the § 2255 motion, along with the files and records of the case, conclusively shows that [the prisoner] is not entitled to relief." *Brown*, 2013 WL 4562276, at *5 (citing *Gordon v. Leeke*, 574 F.2d 1147, 1151–53 (4th Cir.1978); 28 U.S.C. § 2255(b)).

To prevail on a claim of ineffective assistance of counsel as the alleged Constitutional violation,

> a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, and that he was prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668, 687–91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. *Id*. at 689; *see also Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1297–99 (4th Cir. 1992). Furthermore, the petitioner "bears the burden of proving *Strickland* prejudice." *Fields*, 956 F.2d at 1297. "If the petitioner fails to meet this burden, a reviewing court need not consider the performance prong." *Fields*, 956 F.2d at 1297 (citing *Strickland*, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court may not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different. *Sexton v. French*, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under

... *Strickland* if the 'result of the proceeding was fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhard v. Fretwell*, 506 U.S. 364, 369 (1993)). *United States v. Lomax*, Civil No. WMN-13-2375 & Crim. No. WMN-10-145, 2014 WL 1340065, at *2 (D. Md. Apr. 2, 2014).

In his Reply, Defendant clarifies that his contention is that "trial counsel failed to present sufficient exculpatory evidence at trial." Def.'s Reply 2. According to Defendant, "years' worth of legitimate business records from [his] auto sales company . . . . were freely and readily available to trial counsel" and "would have been an obviously favorable rebuttal of the assertion that [he] engaged in travel to the US exclusively to launder drug money." *Id.* at 3. He argues that "[t]he introduction of exculpatory evidence at trial would have significantly cut into th[e] assertion [that there was 'overwhelming evidence' against him] and strongly influenced the jury on [his] behalf." *Id.* at 2.

Thus, Defendant contends that his business records would have negated evidence creating the inference that his fifty-eight entries into the United States between January 2, 2000 and October 23, 2010 were for the purpose of laundering drug money, rather than for legitimate business purposes. Yet, even if Defendant had presented the evidence and led the jury to conclude that his repeated entries were for legitimate business purposes, the following additional evidence, as summarized by the Fourth Circuit, still would have been presented to the jury:

> In 2003, Duarte was stopped by Arkansas law enforcement with approximately $1.1 million in cash stashed in a secret compartment in a Chevy Tahoe that he was driving after just having left the company of a well known leader of a significant drug distribution network based out of Guatemala. The leader's name was Napolean Villagran. The evidence at trial also showed that in 2004, Duarte collected money and accepted cars as payment for drug debts to Villagran . . . . Duarte also delivered messages to co-conspirators Jose Sandoval and Marilyn Navas and other distributors in the United States on Villagran's behalf. In 2006, Duarte negotiated a debt owed to Villagran by Navas and offered her more drugs to sell to cover her debt.

4

*United States v. Duarte*, No. 13-4468, slip op. at 2 (4th Cir. Aug. 14, 2014). Given the extent of this evidence against Duarte, he cannot show that the jury's finding was "'fundamentally unfair or unreliable,'" and consequently he cannot show prejudice. *See Sexton v. French*, 163 F.3d at 882; *Lockhard*, 506 U.S. at 369; *see also Swann v. Taylor*, 173 F.3d 425, 1999 WL 92435 (4th Cir. 1999) ("Given the extensive evidence of Swann's guilt and of his future dangerousness, . . . there is virtually no basis upon which Swann can argue that the result of either phase of the trial proceedings [in which his counsel failed to object to Defendant wearing leg shackles] was fundamentally unfair or unreliable. "); *Fisher v. Angelone*, 163 F.3d 835, 849 (4th Cir. 1998) (concluding that, even if "counsel's failure to state the grounds for its objection [to tapes that prosecution offered into evidence] was objectively unreasonable, . . . Fisher was not prejudiced in any way by counsel's actions" because "[t]he tapes were but a small part of the prosecution's overwhelming case against Fisher. . . . In sum, we cannot say that, but for counsel's failure to state the grounds for his objection to the tapes, there is a reasonable probability that the result of the proceeding would have been different or that the result of the proceeding was fundamentally unfair or unreliable. As a consequence, this claim [of ineffective assistance of counsel] is without merit."). Therefore, he cannot prevail on his claim of ineffective assistance of counsel. *See Strickland*, 466 U.S. at 687–91.

## **Certificate of Appealability**

Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. §§ 2254 or 2255 provides that the court must "issue or deny a certificate of appealability when it enters a final order adverse to the petitioner." *Brown*, 2013 WL 4562276, at *10. This certificate "is a 'jurisdictional prerequisite' to an appeal from the court's order" that "may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *Id.* (quoting 28

U.S.C. § 2253(c)(2) and citing *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007)). A prisoner makes this showing "[w]here the court denies a petitioner's motion on its merits . . . by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong." *Id.* (citing *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Because Mr. Duarte has not shown that a reasonable jurist "would find the court's assessment of the constitutional claim[] debatable or wrong," and therefore has not made a substantial showing that his Constitutional rights were denied, this Court will not issue a certificate of appealability.  *See id.*; 28 U.S.C. § 2253(c)(2). *Miller-El*, 537 U.S. at 336–38; *Slack*, 529 U.S. at 484.  However, this ruling does not preclude Mr. Duarte from seeking a certificate of appealability from the Fourth Circuit.  *See* 4th Cir. Loc. R. 22(b)(1).

## **Conclusion**

Defendant's Motion to Vacate, Set Aside or Correct Sentence, ECF No. 174, IS DENIED.

The Clerk is directed to file a copy of this Memorandum Opinion and Order in Criminal No. PWG-10-308 and Civil Action No. PWG-15-2159, to MAIL a copy of it to Defendant, and to CLOSE Civil Action No. PWG-15-2159.

Dated: <u>June 20, 2016</u>                                    /S/
                                                                        Paul W. Grimm
                                                                        United States District Judge

lyb